IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

GEORGE G. STANBERRY                                                              PLAINTIFF

V.                                                                              NO. 2:11CV021-M-S

COAHOMA COUNTY JAIL, et. al                                                     DEFENDANTS

## REPORT AND RECOMMENDATION

On June 28, 2011, the Plaintiff, an inmate currently housed in the Coahoma County Jail, appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his complaint filed under to 42 U.S.C. § 1983.

In his complaint, the plaintiff explained he was injured by a metal rod that fell from the ceiling. He was taken to the hospital for treatment and received eleven stitches to close the wound. He was prescribed antibiotics and pain medication. The plaintiff was scheduled to return to have the stitches removed within ten to fifteen days but was not taken until three months later. The plaintiff admitted that his wound healed and he has no permanent injury. However, the plaintiff claimed that he never received the prescribed medication nor was he given any over-the-counter medication for pain management.

In a separate incident, the plaintiff was again injured by a sharp metal object. He stated that the shower was in need of repair and a sharp piece of metal was protruding from the shower. The plaintiff explained that he "backed into" the sharp metal leaving a cut three to four inches long on his back. The plaintiff did not receive medical attention for his injury and has no permanent damage.

At the *Spears* hearing, the plaintiff complained generally about the condition of the jail describing many areas as needing repair. For relief for these perceived constitutional violations, the plaintiff is seeking monetary damages.

## General Conditions

"[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 493 U.S. 969 (1989)(citation omitted). It is clear that prison officials have certain duties under the Eighth Amendment, but these duties are only to provide prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995). In order to state a claim, the prisoner plaintiff must prove that the defendants were deliberately indifferent to a substantial risk of harm to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 837, (1994). The Supreme Court has held the standard is not met "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Here, the court finds it is beyond doubt that the plaintiff has failed to allege the defendants "consciously disregard[ed] a substantial risk of serious harm," which is necessary to state a claim cognizable under § 1983. *Id.* at 826 (citation omitted). At best, the plaintiff has alleged only that the defendants acted negligently rather than maliciously or wantonly in maintaining and repairing the facility. It is clear from his complaint that the plaintiff's injuries were not the result of deliberate indifference for his safety. A mere claim of negligent conduct by prison officials is not cognizable under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Hare v. City of Corinth, MS*, 74 F.3d 6333, 647-48 (5th Cir. 1996). Therefore, to the extent the plaintiff is attempting to hold the defendants liable for the purported inadequate maintenance of the jail, his claims fail.

**Medical Treatment**

In order to prevail on an Eighth Amendment claim for denial or delay of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer*, 511 U.S. at 837. Under this standard, a state actor may not be held liable under § 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). Similarly, "unsuccessful medical treatment" or even "medical malpractice" do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Based on the facts of this case as presented by the plaintiff regarding removal of the stitches, he has not stated a claim. A potential fifteen-day delay for non-life threatening injury cannot meet the standard for deliberate indifference under § 1983. *See Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) (disagreement with the type or timing of medical services provided cannot support a 1983 claim)*; Gibson v. Shabazz*, 2005 WL 151396 at *13 (S.D. Tex. June 23, 2005) (noting that claims for delayed medical treatment typically involve "life-threatening situations.").

To the extent his claim arises out of the defendants' failure to provide prescribed antibiotics and pain medication, the plaintiff's claim may proceed. The plaintiff's allegation of a complete denial of medical attention after the injury in the shower may also proceed.

## Respondeat Superior

The plaintiff names Sheriff Charles Jones as a defendant. The plaintiff does not allege Jones had any personal involvement in any of the events or facts giving rise to his claims. Rather, the plaintiff simply argues that Jones is liable based on his supervisory capacity. It is well settled that a state actor cannot be liable absent any personal involvement in the events which gave rise to the civil action. *Sanders-Burns v. City of Plano*, 578 F.3d 279, 290 (5th Cir. 2009) (the doctrine of respondeat superior is not cognizable in 1983 actions). The plaintiff has failed to allege that Jones had any personal involvement or direct causal connection to his claims. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Sheriff Jones, therefore, will be dismissed.

## Conclusion

It is the recommendation of the undersigned, therefore, that defendant Sheriff be dismissed; that the plaintiff's claim regarding general conditions of confinement be dismissed; and, that the plaintiff's claim regarding delayed medical treatment also be dismissed. Remaining, will be the plaintiff's denial of medical treatment related to the defendants' alleged failure to provide prescribed medication and the defendants' failure to secure medical treatment for the plaintiff following his injury in the shower. Process shall issue for defendants Coahoma County Jail, Rahsell Scott and John Beasley.

## Objections

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging

on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Assoication*, 79 F.3d 1415 (5th Cir. 1996).

The Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. The Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 12th day of July, 2011.

    /s/ David Sanders
UNITED STATES MAGISTRATE JUDGE