IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

GEORGE G. STANBERRY                                                                         PLAINTIFF

V.                                                                                          No. 2:11CV21-M-S

COAHOMA COUNTY JAIL, ET AL.                                                                 DEFENDANT

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of George G. Stanberry, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The defendants have moved for [46] summary judgment, and Stanberry has responded. The matter is ripe for resolution. For the reasons set forth below, the motion by the defendants for summary judgment will be granted and judgment entered for the defendants.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d

202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Undisputed Material Facts**

On November 22, 2010, while pulling on a piece of metal in the F-pod, George Stanberry sustained an injury to his right earlobe in the Coahoma County Jail. Stanberry was initially taken to the nurse's station, but later transported to the emergency room in Clarksdale where he

was examined and treated by Dr. Edwin Ozua. *Id.* Stanberry received sutures and, upon discharge, Dr. Ozua told him to take an over-the-counter pain medication (Motrin) "as needed." The discharge documents stated that Stanberry could take any "Ibuprofen," with common brand names identified as "Advil, Motrin, Rufen [and] Nuprin." Stanberry returned to jail after receiving treatment.

A few days later, on December 1, 2010, Stanberry reported a cut on his back allegedly sustained while taking a shower. The Incident Report reflected that the injury was not serious; defendants Scott and Beasley examined it. *Id.* Sergeant Gloria Fair, who wrote the report, also saw the wound, and she applied Neosporin ointment and bandages. *Id.* Thus, Stanberry actually received medical care on the same night that he sustained the second injury.

Stanberry frequently used the jail's grievance process to address complaints he had during his stay there. He filed the grievances detailed below, all of which were filed shortly after the November 22 and December 1, 2010, injuries he complains of in this case.

| **Date** | **Complaint** | **Outcome** |
| --- | --- | --- |
| December 7, 2010 | lack of heat | approved / increased heat |
| December 12, 2010 | phone privileges | general discussion with |
| December 12, 2010 | punishment | complaining inmates |
| December 26, 2010 | hair grooming | resolved |
| January 24, 2011[1] | *cut on ear* | saw doctor on January 24 |

Stanberry never submitted a grievance regarding the December 1 cut on his back. In

---

[1] Stanberry erroneously dated his form "January 24" instead of the 23rd as he saw the doctor on the 24th, and his grievance was formally answered on the 25th.

addition, Stanberry did not submit a grievance concerning the November 22, 2010, cut on his earlobe for over two months, or until January 24, 2011, though he had previously used the jail's grievance system with success. Stanberry's primary concern in his grievance about his November 22 ear injury was that he needed his sutures removed, (an issue no longer a part of this case), shoulder pain (a new complaint), an infection in or near his cut, and unpaid medical bills (which Stanberry never paid).

As a result of his January 23, 2011, grievance, Stanberry visited Dr. James Warrington on January 24, 2011. Though Stanberry told Dr. Warrington that his sutures needed to be removed, his primary complaint was that he had a fallen arch and thus needed note from the doctor permitting him to wear "regular shoes and not inmate shoes." Stanberry's only complaint about his ear was that his stitches need to be removed.

The medical records available do not support Mr. Stanberry's version of events. First, Dr. Warrington made no note of an infected wound in his record. Further, Stanberry did not complain to Dr. Warrington about shoulder pain. Finally, Stanberry made no complaint to Dr. Warrington regarding the December 1, 2010, cut which he sustained (which jail officials treated the day it occurred). Stanberry filed the instant lawsuit on January 31, 2011, about a week after filing his grievance concerning the cut on his ear and after seeing Dr. Warrington.

**Denial of Medical Treatment**

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards

in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). This same subjective deliberate indifference standard has been applied to pre-trial detainees under the Fourteenth Amendment as well as convicted inmates under the Eighth Amendment. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996).

In cases such as the one at bar, arising from delayed medical attention rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S.D. Miss. 2000). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v.*

*Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

The plaintiff's claims in the present case simply do not show deliberate indifference to a serious medical need. The medical records of the jail show that Stanberry was examined and treated each time he submitted a medical request form under the procedure established by the jail. Though Stanberry alleges that he did not receive treatment for the cut on his back, the records show that he did, indeed, receive treatment. In any event, he never submitted a grievance form regarding the cut on his back; as such, he has not exhausted administrative remedies for this claim, and it will be dismissed. 42 U.S.C. § 1997e(a), *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001).

He received sutures for the cut on his ear, and he did not file a medical request form regarding the cut on his back. He claims that he did not receive the over-the-counter pain medication ibuprofen after receiving sutures on his cut ear (but, oddly, did not seek redress for this problem for two months). This allegation does not rise to the level of deliberate indifference to a serious medical need. Indeed, far more serious medical problems have not risen to this level. *See Lusk v. Dallas County Sheriff's Dep't*, 2002 WL 31757706, at *4 (N.D. Tex. Nov. 29, 2002) (herniated disc and degenerative spinal disease not serious medical needs); *Nelson v. Rodas,* 2002 WL 31075804, at *14 (S.D.N.Y. Sept. 17, 2002) (back spasms and pain not a serious medical need); *Solomon v. Moore*, 2000 WL 385521, at *2-3 (S.D.N.Y. Apr. 14, 2000) (plaintiff was able to walk and function normally despite neck, back and groin pains; thus he had no serious medical needs). For this reason, the plaintiff's claims regarding treatment for the cut on his ear will be dismissed for failure to state a constitutional claim.

In sum, none of the plaintiff's allegations has merit. The motion by the defendants for

summary judgment will be granted and judgment entered for the defendants. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 28th day of August, 2012.

                                            **/s/ MICHAEL P. MILLS**
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**
                                            **NORTHERN DISTRICT OF MISSISSIPPI**